IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMY ALEXANDER SIMMONS, ) | |
| ) | Civil Action No. 7:20cv00607 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SOUTH WESTURN VIRGINIA ) | |
| REGINAL JAIL ATHORITY ) | By: Hon. Thomas T. Cullen |
| ABBINGTON, ) | United States District Judge |
| ) | |
| Defendant. ) | |

Plaintiff Jeremy Alexander Simmons, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against the "South Westurn Virginia Reginal Jail Athority Abbington" [*sic* throughout]. (ECF No. 1.) By conditional filing order entered November 2, 2020, the court advised Simmons that his complaint failed to state a claim against the named defendant and gave him the opportunity to file an amended complaint. (*See* ECF No. 6.) Having reviewed the amended complaint (ECF No. 7), the court concludes that Simmons still fails to state a cognizable federal claim against the named defendant and, therefore, will dismiss the amended complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

Simmons alleges that he was denied mental-health medication that caused him to attempt suicide and to suffer mental distress and "perm[anent] mental damage." (ECF No. 7 ¶ E.1.) He also alleges he was denied "religious rights [and] books of his religion." (*Id.* ¶ E.2.) Simmons does not provide any other details in support of his claims. As relief, Simmons seeks "comp[e]tancy." (*Id.* ¶ F.)

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985).

Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, even after being given the opportunity to amend his complaint, Simmons does not allege that any official policy or custom of the Jail Authority was responsible for the violations or injuries he allegedly suffered. Therefore, the court concludes that Simmons has failed to state a cognizable federal claim against the Jail Authority and, thus, will dismiss the amended complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Simmons.

**ENTERED** this 23rd day of November, 2020.

      /s/ Thomas T. Cullen
      HON. THOMAS T. CULLEN
      UNITED STATES DISTRICT JUDGE